IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE LABBE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFSHORE PROCESS SERVICES, INC.<br><br>Defendant. | Civil Action No.:<br><br><br><br>**COLLECTIVE ACTION COMPLAINT** |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff, Lawrence Labbe ("Labbe" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Offshore Process Services, Inc., ("OPS" or "Defendant") under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq.*

2. Labbe worked for the Defendant OPS as a Quality Control Specialist from approximately July 1, 2018, to November 1, 2019.

3. Labbe and the other similarly situated employees who performed work for Defendant in the last three years were uniformly and incorrectly classified as independent contractors by Defendant instead of being properly classified as employees.

4. Labbe, and the Putative Collective Action Members who performed work for Defendant in the last three years, regularly worked in excess of 40 hours per workweek.

5. Labbe, and the Putative Collective Action Members, never received overtime pay for the hours worked in excess of 40 hours in a single workweek.

6. Instead of receiving overtime as required by the FLSA, Defendant paid Labbe, and the Putative Collective Action Members, a flat hourly rate for all hours worked without overtime premium compensation for hours worked in excess of 40 hours in a workweek.

7. OPS is liable to Labbe and the Putative Collective Action Members for all unpaid overtime for the past three years, liquidated damages, interest, attorney's fees, and court costs.

8. This collective action seeks to recover the unpaid overtime wages and other damages owed to Labbe and the Putative Collective Action Members.

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.  29 U.S.C. § 216(b).

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because the Defendant is domiciled in this district for venue purposes, and the facts giving rise to this claim occurred in this district.

11. Defendant Offshore Process Services, Inc. conducts substantial business operations in this District.

12. Defendant Offshore Process Services, Inc. has its principal place of business within this District at 389 Kathleen Street, Ponchatoula, Louisiana as indicated by the Louisiana Secretary of State business entity database.

13. Defendant Offshore Process Services, Inc. maintains a listed registered agent for service of process in Louisiana located at 607 St. Charles Ave., Suite 100, New Orleans, Louisiana 70130 as indicated by the Louisiana Secretary of State business entity database.

## PARTIES

14. Lawrence Labbe currently resides in St. Martin Parish in Louisiana.  Labbe provided services for the Defendant OPS from approximately July 1, 2018, to November 1, 2019.

15. Labbe was tasked with overseeing the sandblasting and painting of structural components on offshore oil rig platforms.

16. Labbe would be called on by Defendant OPS and told where to go provide services. He had no control over which jobs were available or how much he could charge for a particular project. He was simply paid his flat hourly rate for his time while working.

17. Once he arrived on the offshore rig, Labbe had no control over the work that would be performed, rather he was instructed which components he and his team would be tasked with sandblasting and repainting.

18. Throughout his employment with the Defendant, Labbe was paid a flat hourly rate with no overtime compensation despite working substantial overtime hours.

19. OPS provides engineering, project management and client representation services to the oil, gas, and petrochemical industries and is headquartered at 389 Kathleen Street, Ponchatoula, Louisiana.

20. Labbe's relationship with the Defendant was an employer/employee relationship.

21. Labbe brings this action on behalf of himself and all other similarly situated misclassified employees who worked more than 40 hours in any given workweek who did not receive the proper overtime compensation.

22. Labbe and the similarly situated employees were misclassified as independent contractors when they were in fact employees.

23. Labbe and the Putative Collective Action Members regularly worked more than 40 hours each week.

24. Defendant paid these misclassified employees a flay hourly rate regardless of the hours worked and failed to pay overtime premium compensation in violation of the FLSA.

25. The similarly situated employees, or Putative Collective Action Members, sought to be certified is defined as follows:

> **All workers, classified as independent contractors by, and working on behalf of, Defendant Offshore Process Services, Inc. who worked in excess of 40 hours in any given workweek, and who were denied or not paid overtime compensation at any time during the past three (3) years (the "Putative Collective Action Members").**

26. The Putative Collective Action Members are easily ascertainable from the business and personnel records maintained by Defendant.

## COVERAGE UNDER THE FLSA

27. At all relevant times, Defendant OPS has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

28. At all relevant times, Defendant OPS has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

29. At all relevant times, Defendant OPS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). The Defendant has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools and equipment - that have been moved in or produced for commerce. Specifically, Defendant OPS represents to provide a wide range of services to the oil, gas, and petrochemical industries.

30. At all relevant times, Defendant has had annual gross volume of sales made, or business done, of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

31. At all relevant times, Labbe and the Putative Collective Action Members were

engaged in commerce or in the production of goods for commerce.

32. Defendants treated Labbe and the Putative Collective Action Members as employees and uniformly dictated the pay practices applied to them.

33. Defendant's pay scheme, depriving Labbe and the Putative Collective Action Members of overtime compensation for weeks in which they worked over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

34. Defendant OPS is a Louisiana based service company that provides engineering and other services to companies in the oil, gas, and petrochemical industries.

35. To provide services, Defendant hired personnel (similar to Labbe) to work on their behalf, including other Coating Inspectors and Quality Control Specialists.

36. Defendant wrongly chose to classify these employees as independent contractors in violation of the FLSA.

37. During the relevant period, Labbe worked for Defendant in excess of 40 hours on numerous occasions.

38. During the relevant period, Labbe was paid a flat hourly rate for all hours worked and Defendant wrongly denied him the overtime premium compensation he deserved for hours worked in excess of 40 in any workweek.

39. Without the job performed by Labbe, Defendant would not have been able to complete its business objectives.

40. Labbe was economically dependent on Defendant and relied on Defendant for work and compensation.

41. Defendant dictated the amount and the type of compensation that Labbe would

5

receive.

42. Labbe was never paid a salary.

43. If Labbe did not work in a week, he did not receive a guaranteed amount of at least $455.

44. When Labbe worked fewer than 40 hours in a week, his pay was reduced based on the number of hours he worked to reflect a true hourly rate of pay.

45. Defendant knew Labbe regularly worked in excess of 40 hours in numerous workweeks.

46. Defendant hired Labbe with the intention that he would continue to provide services for OPS indefinitely and, in fact, Labbe worked continuously for OPS from approximately July 1, 2018 to November 1, 2019.

47. During the time he was employed by Defendant, Labbe did not work for himself, nor did he work for any other company or employer and, as a practical matter, worked so many hours that he was precluded from being available to work for any other potential employer.

48. Defendant set Labbe's schedule and compensation and decided what work Labbe would perform.

49. Labbe had no control over the profits he may earn or loss he may incur while working for Defendant.

50. Labbe's investment in tools and equipment was de minimis in comparison to the investment of Defendant OPS.

51. The work Labbe performed was an essential part of Defendant's core businesses.

52. Defendant uniformly denied, refused, or failed to pay Labbe overtime compensation for the hours he worked in excess of 40 hours in a single workweek.

53. Labbe was not exempt from overtime.

54. Defendants knew, or showed reckless disregard for whether, Labbe was not exempt from the FLSA's overtime provisions.

55. Defendants knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

56. The overtime owed to Labbe will be calculated using the Defendants' records.

57. Labbe sustained damages arising out of Defendant's illegal and uniform employment policy.

58. Defendant is liable under the FLSA for failing to pay overtime to Labbe.

59. Consistent with Defendant's illegal classification of Labbe, Labbe was not paid the proper premium overtime compensation when he worked more than 40 hours in a workweek.

60. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Labbe.

61. Defendant was aware, or should have been aware, that the FLSA required them to pay Labbe for all hours worked in excess of 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

62. Labbe brings this claim as a collective action under the FLSA.

63. Based on his experiences with Defendant, Labbe is aware that Defendant's illegal and unlawful practices and/or pay policies were imposed on the Putative Collective Action Members.

64. Labbe's experiences are typical of the experiences of the Putative Collective Action Members.

65. Labbe has no interest contrary to, or in conflict with, the Putative Collective Action

Members that would prevent collective treatment.

66. The Putative Collective Action Members are similarly situated to Plaintiff Labbe in all relevant respects.

67. The Putative Collective Action Members were victimized by Defendant's pattern, practice, and/or policy which was in willful violation of the FLSA.

68. To provide services, Defendant hired the Putative Collective Action Members to work on their behalf.

69. Defendant wrongly chose to classify the Putative Action Members as independent contractors in violation of the FLSA.

70. During the relevant period, the Putative Collective Action Members worked for Defendant in excess of 40 hours a week for weeks at a time.

71. During the relevant period, the Putative Collective Action Members were paid a flat hourly rate for all hours worked and Defendant wrongly denied them of the overtime premium compensation they deserved for hours worked in excess of 40 in any workweek.

72. Throughout their employment with Defendant, the Putative Collective Action Members regularly worked more than 40 hours each week without receiving overtime compensation. Instead, Defendant paid them a flat hourly rate for all hours, regardless of how many hours they worked in any workweek.

73. Without the job performed by the Putative Collective Action Members, Defendant would not have been able to complete its business objectives.

74. The Putative Collective Action Members were economically dependent on Defendant and relied on Defendant for work and compensation.

75. Defendant dictated the amount and the type of compensation that the Putative

Collective Action Members would receive.

76. The Putative Collective Action Members were never paid a salary.

77. If the Putative Collective Action Members did not work in a week, they did not receive a guaranteed amount of at least $455.

78. Defendant knew the Putative Collective Action Members regularly worked in excess of 40 hours in a workweek.

79. Defendant hired the Putative Collective Action Members with the intention that they would continue to work for OPS indefinitely.

80. During the time they were employed by Defendant, the Putative Collective Action Members were not in business for themselves, nor did they provide work for any other company or employer.

81. Defendant set the Putative Collective Action Members' schedules and compensation and decided what work they would perform

82. The Putative Collective Action Members had no control over profits they might earn or losses they might incur while working for Defendant.

83. The work the Putative Collective Action Members performed was an essential part of Defendant's core businesses.

84. Defendant uniformly denied, refused, or failed to pay the Putative Collective Action Members overtime compensation for the hours they worked in excess of 40 hours in a single workweek.

85. The Putative Collective Action Members were not exempt from overtime.

86. Defendant knew, or showed reckless disregard for whether, the Putative Collective Action Members were not exempt from the FLSA's overtime provisions.

87. Defendant knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

88. The overtime owed to the Putative Collective Action Members will be calculated using the Defendant's records and the same formulae that applies to Smith.

89. The Putative Collective Action Members sustained damages arising out of Defendant's illegal and uniform employment policy.

90. Defendant is liable under the FLSA for failing to pay overtime to the Putative Collective Action Members.

91. Consistent with Defendant's illegal misclassification, the Putative Collective Action Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

92. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Putative Collective Action Members.

93. Defendant was aware, or should have been aware, that the FLSA required them to pay the Putative Collective Action Members for all hours worked in excess of 40 hours per workweek.

94. A collective action is superior to other available means for fair, efficient, and consistent adjudication of the lawsuit.

95. Absent a collective action, many of the Putative Collective Action Members would not obtain redress for their injuries, and Defendant would reap the unjust benefits of violating the FLSA.

96. Further, even if some of the Putative Collective Action Members could afford

individual litigation against Defendant, it would be unduly burdensome to the judicial system.

97. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Collective Action Members, as well as provide judicial consistency.

98. The questions of law and fact that are common to each Putative Collective Action Member predominate over any questions affecting solely the individual members.

99. Among the common questions of law and fact are:

a. Whether Plaintiff and the Putative Collective Action Members were employees of Defendant or independent contractors;
b. Whether Defendant's decision to classify Plaintiff and the Putative Collective Action Members as independent contractors was willful;
c. Whether Defendant's decision to not pay overtime compensation to these workers was made in good faith;
d. Whether Defendant's illegal and unlawful practices applied to the Putative Collective Action Members;
e. The proper measure of damages sustained by Plaintiff and the Putative Collective Action Members.

100. Labbe knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

101. Even if the issue of damages were somewhat individualized in character, the damages can be calculated by reference to Defendant's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

102. There are many similarly situated Putative Collective Action Members who have been denied, refused, or not paid overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

103. This notice should be sent to the Putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

104. Those similarly situated employees are known to Defendant, are readily

identifiable, and can be located through Defendant's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

105. Labbe realleges and incorporates by reference all allegations in preceding paragraphs.

106. Labbe brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

107. Defendant violated, and continue violating, the FLSA by failing to pay Labbe and the Putative Collective Action Members overtime compensation.

108. Labbe and the Putative Collective Action Members were Defendant's employees for purposes of the FLSA overtime requirements.

109. Defendant was Labbe's, and the Putative Collective Action Members', employer under the FLSA. Defendant suffered or permitted Labbe and the Putative Collective Action Members to work for, or on, its behalf during the relevant period.

110. Defendant cannot meet its burden to demonstrate that Labbe or the Putative Collective Action Members were correctly classified as independent contractors rather than employees of Defendant.

111. Defendant cannot meet its burden to demonstrate that Labbe or the Putative Collective Action Members are exempt from overtime under the administrative exemption.

112. Defendant cannot meet its burden to demonstrate that Labbe or the Putative Collective Action Members are exempt from overtime under the executive exemption.

113. Defendant cannot meet its burden to demonstrate that Labbe or the Putative Collective Action Members are exempt from overtime under the professional exemption.

114. Defendant cannot meet its burden to demonstrate that Labbe or the Putative Collective Action Members are exempt from overtime under the highly compensated exemption.

115. Defendant cannot meet its burden to demonstrate that Labbe or the Putative Collective Action Members are exempt from overtime under the seamen exemption.

116. Defendant failed to pay Labbe and the Putative Collective Action Members overtime as required by the FLSA.

117. Defendant knowingly, willfully, or in reckless disregard, carried out this illegal pattern or practice of failing to pay Labbe and the Putative Collective Action Members overtime compensation.

118. Defendant's failure to pay overtime compensation to Labbe and the Putative Collective Action Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

119. Accordingly, Labbe and the Putative Collective Action Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their hourly rate of pay, plus liquidated damages, attorney's fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff Lawrence Labbe, individually and on behalf of the Putative Collective Action Members, demands judgment against Defendant and respectfully requests that this Honorable Court grant the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Collective Action Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Labbe and the Putative Collective Action Members the unpaid overtime compensation owed to them and an additional, equal amount, as liquidated damages;

c. Declaratory judgement that the practices complained of in this Complaint are unlawful under the FLSA;

d. An Order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate under applicable law and in the Court's discretion.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims alleged herein.

Respectfully submitted:

By: /s/ Philip Bohrer
Philip Bohrer  (#14089)
phil@bohrerbrady.com
Scott E. Brady  (#24976)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Gabriel A. Assaad (*PHV to be filed*)
Texas Bar No. 24076189
gassaad@mcdonaldworley.com
Matthew S. Yezierski (*PHV to be filed*)
Texas Bar No. 24076989
matt@mcdonaldworley.com
McDONALD WORLEY, P.C.
1770 St. James St., Suite 100
Houston, TX 77056
(713) 523-5500 – telephone
(713) 523-5501 – facsimile

Galvin Kennedy (*PHV to be filed*)
Federal Bar No. 20791
Texas State Bar No. 00796870
Galvin@KennedyAttorney.com
KENNEDY LAW FIRM, LLP
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
(713) 425-6445 - telephone
(888) 389-9317 – facsimile

**ATTORNEYS FOR PLAINTIFF**